**Kathleen F. PFAU, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–1760.

United States Court of Appeals for Veterans Claims.

Aug. 11, 1999.

Larry Jent was on the pleadings for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Barbara J. Finsness were on the pleadings for the appellee.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge:

The appellant, Kathleen F. Pfau, appeals from a June 5, 1997, Board of Veterans' Appeals (BVA or Board) decision which denied her claim for dependents' educational assistance (DEA) under chapter 35 of title 38 of the United States Code. For the reasons stated below, the Court will affirm the BVA's June 1997 decision.

## I.  FACTS

The appellant's father, the veteran, died on April 6, 1988, as a result of lung cancer. Record (R.) at 8. The appellant's mother filed a claim for "service-connected death bene-

fits" on July 11, 1988, and her claim was denied. R. at 13. As a result of a change in the law, service connection for the veteran's cause of death was retroactively granted in August 1994, and the appellant's mother received dependency and indemnity compensation (DIC) based on her 1988 application. R. at 13–17.

A Request for Approval of School Attendance was filed on behalf of the appellant in October 1994. R. at 19. The appellant had graduated from the University of Wyoming on May 9, 1992. R. at 20. In March 1995, the VA regional office (RO) denied the claim for DEA benefits, and, in the decision now on appeal, the BVA likewise denied the entitlement to DEA benefits as claimed. R. at 2, 30.

## II.  ANALYSIS

A 1994 amendment to 38 U.S.C. § 1116 permitted presumptive service connection for, inter alia, the lung cancer that caused the death of the veteran whose status is the basis upon which VA benefits are being sought in this case. *See* 38 U.S.C. § 1116 (Supp.1999 note (1994 Amendments)); R. at 8, 13. The amendment did not include an express effective date, so it is presumed to have taken effect on its enactment date, November 2, 1994. *Allin v. Brown*, 6 Vet.App. 207, 211 (1994); Pub.L. No. 103–446, § 505, 108 Stat. 4645, 4664 (1994). An August 1994 rating decision granted service-connected death benefits to the appellant's mother based on the cause of the veteran's death. R. at 13–17.

Unlike her mother's claim, no application for DEA benefits for the appellant was filed until October 1994, more than two years after her graduation from college and six and one-half years after the veteran's death. R. at 19. The appellant did not qualify, by definition, for DEA benefits before the 1994 amendment to 38 U.S.C. § 1116 that afforded service connection for the cause of her father's death. *See* 38 U.S.C. § 3501(a)(1)(A) (eligibility for survivors' and dependents' educational assistance for a child of a veteran

requires that the veteran be totally and permanently disabled by or have died of a service-connected disability).

 The commencement date of an award of DEA can be based on "[l]iberalizing laws," such as the amendment to 38 U.S.C. § 1116, but that date cannot be earlier than the effective date of the change in the law. 38 C.F.R. § 21.4131(f). Since the appellant completed her college education in May 1992, and the effective date of the amendment to 38 U.S.C. § 1116 was November 1994, she was simply not eligible for DEA benefits under 38 U.S.C. § 3501.

In her brief for this appeal, the appellant has argued that her mother's original claim for DIC was "an informal claim for any benefits the children were entitled to, including educational benefits." Appellant's Brief (Br.) at 4. This contention has been negated by this Court, however, and does not provide a basis upon which to overturn the BVA decision with respect to the appellant's claim. *See Erspamer v. Brown,* 9 Vet.App. 507, 511 (1996) (nothing in statutes, regulations, or case law indicates that widow's claim for DIC should be construed as informal claim for DEA benefits for child).

The appellant has argued further that the doctrine of equitable tolling should apply to enable her to receive DEA benefits based on her 1994 application, because a claim filed before the 1994 change in the law that afforded service connection for the cause of the veteran's death would have been dismissed based on lack of eligibility. Appellant's Br. at 6–8. The Secretary has responded to this argument by citing an opinion of the General Counsel to the Secretary which noted that "a VA administrative issue having the effect of granting retroactive service connection for cause of death, for example, may not afford all deceased veterans' dependents an opportunity to timely file for retroactive chapter benefits based on that administrative issue." VA Gen. Coun. Prec. 12–92; Secretary's Br. at 11–12. The Court agrees with the position of the Secretary and the General Counsel.

While this Court may apply the doctrine of equitable tolling, *see Bailey v. West,* 160 F.3d 1360 (Fed.Cir.1998), equitable relief is extended sparingly, such as in a case in which a claimant has actively pursued judicial remedies but has filed defective pleadings, or where a claimant has been induced or tricked by his adversary's misconduct, but not where the claimant has failed to exercise due diligence in preserving his or her legal rights. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *see also McNaron v. West,* 12 Vet.App. 334, (1999); *Viglas v. Brown,* 7 Vet.App. 1 (1994). The claimant in this case did not actively pursue her claim for DEA until 1994. Furthermore, even if the doctrine of equitable tolling were applied to find the appellant eligible for DEA upon the enactment of the 1994 amendment to 38 U.S.C. § 1116, she would not be entitled to any payment because she completed her education in 1992. *See* 38 U.S.C. § 3680(a) (payment of educational assistance shall be made only when an eligible person is in pursuit of a program of education or training); 38 C.F.R. § 21.4131(f) (commencement date of an award of DEA cannot be earlier than the effective date of changed law that enables eligibility).

### III. CONCLUSION

Accordingly, for the reasons stated herein, the June 5, 1997, BVA decision in this case is AFFIRMED.