# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1432

JACQUELYN M. FRIEDSAM,                                                    APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,                                APPELLEE.

Before STEINBERG, MOORMAN, and DAVIS, *Judges*.

## O R D E R

The appellant, Mrs. Jacquelyn M. Friedsam, through counsel, seeks review of a March 26, 2003, Board of Veterans' Appeals (Board) decision that denied retroactive payment of dependents' educational assistance (DEA) benefits under 38 U.S.C. § 3501. Record (R.) at 7-8. She seeks DEA benefits for herself and her three children, Tracey, Jerrilyn, and Alexander Friedsam. The Board determined that the earliest effective date that could be established for entitlement to DEA benefits for the appellant was July 10, 1997, approximately one year prior to the date of her formal application for DEA benefits. R. at 8. The appellant, however, seeks an effective date that coincides with the effective date of her award of dependency and indemnity compensation (DIC), August 1988. The appellant and the Secretary filed briefs, the appellant filed a reply brief, and oral argument was scheduled for May 17, 2005. Late in the afternoon on May 16, 2005, counsel for the appellant brought to the Court's attention potentially applicable supplemental authority, 38 U.S.C. § 5113(b), that was not addressed by either party in their initial briefs. Because of the late filing of the supplemental authority and in an effort to allow both parties ample opportunity to address the impact of this statutory provision on the present case, during oral argument the Court ordered supplemental briefing. Both parties have since filed supplemental memoranda of law. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

On April 3, 1989, Mrs. Friedsam, as the surviving spouse of 20-year, decorated Vietnam combat veteran, Bruce Friedsam, filed an application for DIC seeking service connection for the cause of her husband's death. R. at 110. On the application, she noted the dates of birth of two dependents – Alexander and Jerrilyn Friedsam – as February 6, 1972, and November 10, 1968, respectively. R. at 111. She also indicated that Jerrilyn Friedsam was "over 18 attending school," specifically, James Madison University. *Id.* Mrs. Friedsam attached to her DIC application a VA Form 21-674, Request for Approval of School Attendance, on which she reported that Jerrilyn Friedsam had been a full-time student at Tidewater Community College from September 15, 1987, to June 15, 1988, and had transferred to James Madison University in August 1988 to pursue a degree in special education, which she was expected to complete in May 1991. R. at 120. Mrs. Friedsam did not submit formal applications for DEA benefits for herself or her three children at the

time that she submitted her DIC application.

After a nine-year delay in finally adjudicating Mrs. Friedsam's claim for service connection for the cause of her husband's death, the Board granted her DIC benefits in January 1998 based on private medical evidence that had been of record since July 5, 1990. R. at 236, 253-59, 346-50. In late January 1998, a VA regional office (RO) notified Mrs. Friedsam that entitlement to DIC benefits had been established from August 1988, and, that as a result of that grant, she and her children were entitled to DEA benefits. R. at 354-57.

On May 21, 1998, Mrs. Friedsam, Tracey Friedsam (then age 33), and Alexander Friedsam (then age 26) each submitted formal applications seeking retroactive DEA benefits. R. at 386-93. Jerrilyn Friedsam (then age 29) submitted a formal DEA application on June 5, 1998. R. at 395-96. Mrs. Friedsam and her children noted on their applications that they had already completed their undergraduate and graduate studies during the almost nine years that VA had taken to process Mrs. Friedsam's DIC claim; thus, they were now seeking retroactive DEA benefits. *Id.* In October 1998, the RO denied Mrs. Friedsam's request for retroactive DEA benefits, noting that "[h]ad you applied for [c]hapter 35 benefits when you first started school – even though a final decision had not yet been made as to your DIC eligibility – and that application was part of your record when you did become eligible, we would have been able to award retroactive benefits." R. at 438-39.

It appears to be undisputed that Mrs. Friedsam submitted a Notice of Disagreement (NOD) on or about November 2, 1998, stating that the "VARO Buffalo letter of 10/16/98 denied myself and three of my children educational benefits. I request to be provided with a Statement of the Case [SOC] on which to base my formal appeal." R. at 443 (the Court notes that the NOD was not date-stamped as received by VA). *But see* R. at 444 (indicating that the Virginia Department of Veterans Affairs reported that Mrs. Friedsam filed an NOD on "November 2, 1998[,] and submitted [it] directly to VARO Buffalo"). The RO issued an SOC to Mrs. Friedsam on July 8, 1999. R. at 469-75. In letters to the RO dated August 6, 1999, Tracey and Alexander Friedsam requested SOCs regarding the October 1998 RO decision that had denied DEA benefits for Mrs. Friedsam. R. at 451, 454. Jerrilyn Friedsam submitted a similar letter dated August 11, 1998. R. at 452. There is no evidence in the record on appeal that indicates that the RO issued SOCs to Tracey, Jerrilyn, or Alexander Friedsam.

In September 1999, Mrs. Friedsam filed a Substantive Appeal and requested therein a hearing before a Board member. R. at 479. She disagreed with the RO decision of October 1998 and noted that it was "not even logical to think that we should have filed paperwork for a benefit we knew we were not yet entitled [to receive]." R. at 479-80. Without providing Mrs. Friedsam with her requested hearing, the Board issued, in March 2003, the decision on appeal here. R. at 506, 512-19. The Board denied her request for retroactive DEA benefits after finding that the earliest date that could be established for entitlement to DEA benefits was one year prior to the date of her formal claim (July 1998), or "one year prior to the date an enrollment certification [was] received in VA (here also July 1998), whichever [was] the later date." R. at 517. The Board further stated:

2

The Board further finds that there is no basis in law or facts to consider the appellant's request on the merits. The appellant had not filed her claim for educational assistance benefits, nor is there any indication in the record, other than her supposition that she would have filed such an application but for VA's delay in awarding her entitlement to service connection for the cause of the veteran's death, some nine years after her application was filed for dependency and indemnity compensation. . . . The appellant could have, and in retrospect, should have submitted her application at the time she filed her application for dependency and indemnity compensation, or at any time since that time. . . . [T]he appeal to the Board on this issue is terminated because of the absence of legal merit and the lack of entitlement under the law. *See Sabonis v. Brown,* 6 Vet.App. 426, 430 (1994). The claim . . . is dismissed.

R. at 6-8.

The Secretary has conceded, in his supplemental briefing to the Court, that the Board's statement that there was "no basis in law or facts to consider the appellant's request on the merits," was perhaps erroneous in light of 38 U.S.C. § 5113(b). Secretary's Supplemental Memorandum of Law (Sec'y Suppl. Mem. of Law) at 6. Section 5113 was amended in November 2000 in apparent response to the Court's holdings in *Pfau v. West,* 12 Vet.App. 515 (1999), and *Erspamer v. Brown*, 9 Vet.App. 507 (1996). Section 5113(b) now provides:

(b)(1) When determining the effective date of an award under chapter 35 of this title for an individual described in paragraph (2) based on an original claim, the Secretary may consider the individual's application as having been filed on the eligibility date of the individual if that eligibility date is more than one year before the date of the initial rating decision.

(2) An individual referred to in paragraph (1) is an eligible person who—

(A) submits to the Secretary an original application for educational assistance under chapter 35 of this title within one year of the date that the Secretary makes the rating decision;

(B) claims such educational assistance for pursuit of an approved program of education during a period preceding the one-year period ending on the date on which the application was received by the Secretary; and

(C) would have been entitled to such educational assistance for such course pursuit if the individual had submitted such an application on the individual's eligibility date.

(3) In this subsection:

(A) The term "eligibility date" means the date on which an individual becomes an eligible person.

(B) The term "eligible person" has the meaning given that term under section 3501(a)(1) of this title under subparagraph (A)(i), (A)(ii), (B), or (D) of such section by reason of either (i) the service-connected death or (ii) service-connected total disability permanent in nature of the veteran from whom such eligibility is derived.

(C) The term "initial rating decision" means with respect to an eligible person a decision made by the Secretary that establishes (i) service connection for such veteran's death or (ii) the existence of such veteran's service-connected total disability permanent in nature, as the case may be.

38 U.S.C. § 5113(b); *see* Sec'y Suppl. Mem. of Law at 3.

On October 28, 1999, Celia Dollarhide, then the director of VA's Education Service in the Veterans Benefits Administration (VBA), testified before the House Committee on Veterans' Affairs regarding draft legislation that would propose "an equitable solution for designating an appropriate effective date for awarding retroactive DEA benefits when there is significant administrative delay in establishing the criteria on which entitlement to such benefits is based. . . ." and stated that it would be "appropriate to consider amendatory legislation that would provide certain children a reasonable measure of relief in such circumstances." *Veterans Employment: Hearing on H.R. 625 Before the House Subcomm. on Veterans Benefits,* 1999 WL 983534 (Oct. 28, 1999) (statement of Celia Dollarhide, Director of Education Service, VBA). She further testified that the amendment would allow a surviving spouse's application for DIC benefits to be considered as a claim for DEA benefits. *Id.* The amendatory legislation, in a provision similar to that discussed by Ms. Dollarhide, was enacted by Congress on November 1, 2000. Veterans Benefits and Health Care Improvement Act of 2000, Pub. L. No. 106-419, § 113, 114 Stat. 1822, 1832 (codified as amended at 38 U.S.C. § 5113(b), quoted above).

It appears to the Court that Mrs. Friedsam's situation and that of her children mirrors the situation contemplated by VA in Director Dollarhide's testimony and Congress's ultimate enactment of 38 U.S.C. § 5113(b). Here, Mrs. Friedsam and her children waited over eight years for the Board

to grant Mrs. Friedsam's application for DIC, the grant of which in 1998 was based on medical evidence that had been of record since 1990. Furthermore, within just four months after receiving the initial notice of entitlement to DEA benefits, Mrs. Friedsam and her three children submitted formal DEA applications. R. at 354-57, 386-93, 395-96. Thus, the circumstances of this case appear ripe for consideration under section 5113(b).

The Court notes the Secretary's argument that approval of retroactive DEA benefits under section 5113(b) is discretionary rather than mandatory; however, Ms. Dollarhide's testimony and subsequent actions by the Secretary appear to indicate VA's intent to apply this provision in granting retroactive DEA benefits where appropriate. The Court notes that since May 2003, VA has published in its *Unified Agenda of Federal Regulatory and Deregulatory Action* reports a reference to a forthcoming proposal "to amend its education regulations to reflect changes in the eligibility period for children due to statutory provisions in [the] Veterans Benefits and Health Care Improvement Act of 2000 and the Veterans Benefits and Expansion Acts of 2001 and 2002." 68 Fed. Reg. 30,892, 30,897 (May 27, 2003) (noting section 5113 and Public Law 106-419 as the statutory authority for the impending regulation; however, the Court notes that it does not understand the above reference to "children" rather than to an "eligible person" as defined in section 5113(b)(3) to include such persons as defined in 38 U.S.C. § 3501(a)(1)(A)(i), (A)(ii), (B), or (D)); *see also* 68 Fed. Reg. 73,491, 73,496 (Dec. 22, 2003); 69 Fed. Reg. 38,107, 38,112 (June 28, 2004); 69 Fed. Reg. 73,739, 73,743 (Dec. 13, 2004); 70 Fed. Reg. 27,465, 27,469 (May 16, 2005). Despite these five regulatory notices, the Secretary has not yet proposed such regulations to allow for a just and uniform application of section 5113(b) among similarly situated claimants like Mrs. Friedsam and her three children. *Id.*

Following oral argument, the Court has received a number of motions and responses from the parties principally addressing further the application of section 5113(b) to the matters before the Court. The most recent motions, "Appellant's Motion for Reconsideration of Order Denying Appellant's Motion for Leave to File Addition to Supplemental Reply Memorandum of Law to Elaborate Why Section 5113(b) is Mandatory, Opposed by Appellee" and "Appellee's Opposition to Appellant's Motion for Reconsideration," were filed on July 1, 2005, and July 8, 2005, respectively. The appellant, having discovered section 5113(b) on the eve of oral argument, and the Secretary, having failed to identify this issue prior to that time, appear to agree that this statutory provision has applicability to the matters before the Court. Hence, the Court is faced with a potentially dispositive issue on which it is entirely possible that the parties, after careful consideration, could be in agreement. Therefore, in order to conserve judicial resources in resolving the issues before the Court, and to provide an opportunity for the parties to consider the application of section 5113(b) to the four DEA claims potentially affected thereby, the Court will stay these proceedings to facilitate further consideration of possible resolution by the parties.

For the reasons noted above, it is

ORDERED that further proceedings in this matter, including action on the appellant's July 1, 2005, opposed motion, are stayed for a period of 10 days. It is further

ORDERED that, not later than 10 days after the date of this order, the parties advise the Court whether they have reached a mutually agreeable resolution of the case pursuant to 38 U.S.C. § 5113(b) or any other authority.

DATED:  July 19, 2005                                        PER CURIAM.